IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Kristen Petrus,

  Plaintiff,

 v.

Silver Cross Hospital, *et al.*,

  Defendants.

Case No. 22 C 6853

Judge Jorge L. Alonso

## Memorandum Opinion and Order

Plaintiff Kristen Petrus ("Plaintiff" or "Petrus") sues Defendants Silver Cross Hospital and Medical Centers ("Silver Cross") and its director, Vince Pryor ("Pryor"), for alleged disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, and religious discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Defendants have moved to dismiss Petrus's complaint for failure to state a claim. For the reasons below, the Court grants in part and denies in part Defendants' motion and dismisses Pryor as a defendant.

## Background[1]

In August 2021, Petrus applied for employment at Silver Cross as an Endoscopy Registered Nurse via Fastaff Travel Nursing, a recruiting agency. Petrus was conditionally hired

---

[1] The following factual background is taken from the allegations in Plaintiff's most recent complaint (ECF No. 23), which are taken as true and construed in Plaintiff's favor for purposes of Defendants' motions to dismiss. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court also considers "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Plaintiff's briefs opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). This includes the EEOC charge documents the parties have provided.

for the position but was required to receive a COVID-19 vaccination first. Petrus requested a medical exemption from the vaccination requirement because she previously had an allergic reaction to the influenza vaccine—a doctor therefore requested that Petrus be excused from further vaccinations. Although Silver Cross allowed its employees to request medical or religious exemptions to its vaccination requirements via a declination form, it did not allow Petrus to submit a declination form because she was a traveling nurse rather than a Silver Cross employee. Therefore, Petrus was not hired due to her refusal to receive the COVID-19 vaccine.

In October 2021, Petrus filed a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC"). Her charge alleged disability discrimination and did not indicate that she was also claiming discrimination based on her religious beliefs. The EEOC's intake notes likewise made no mention of alleged religious discrimination, instead stating only that Petrus elected to file her charge based on disability discrimination. Petrus initially complained of religious discrimination, too, and expressed that ground to an EEOC investigator, but the investigator told her to mark only disability discrimination in her charge. An August 2022 Analysis of Evidence from the EEOC also stated that Petrus alleged discrimination based both on religious discrimination and disability discrimination. The EEOC ultimately dismissed Petrus's EEOC charge and notified her of her right to sue.

In December 2022, Petrus sued Defendants in this Court for alleged disability discrimination under the ADA. (ECF No. 1.) Plaintiff then filed an amended complaint alleging both disability discrimination and religious discrimination. (ECF No. 8.) Defendants have moved to dismiss Plaintiff's amended complaint for failure to state a claim. (ECF No. 12.) While Defendants' motion has been pending, Plaintiff filed a second amended complaint that is nearly

2

identical to her first amended complaint but adds that her alleged disability is a medical allergy. (ECF No. 23.)

## Legal Standard

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## Discussion

Defendants move to dismiss Plaintiff's complaint on three grounds. First, they argue Pryor is not a proper defendant because he cannot be personally liable under the ADA or Title VII. Second, they argue Plaintiff's ADA disability discrimination claim should be dismissed because Plaintiff failed to allege her specific disability. Third, they argue that Plaintiff's religious discrimination claim should be dismissed because Plaintiff failed to exhaust her administrative remedies. The Court addresses each argument below.

3

1. **Defendant Pryor**

    Defendants claim that the ADA and Title VII do not allow individual liability like that asserted against Pryor. In response, Plaintiff cites two cases that allowed individual liability under those statutes. *Jendusa v. Cancer Treatment Ctrs. of Am., Inc.*, 868 F. Supp. 1006 (N.D. Ill. 1994); *Vakharia v. Swedish Covenant Hosp.*, 824 F. Supp. 769 (N.D. Ill. 1993). However, as Defendants point out, the Seventh Circuit rejected those cases and held that individuals "cannot be liable under the ADA." *U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1280 (7th Cir. 1995) (citing and disapproving of *Jendusa* and *Vakharia*). It reached the same conclusion as to Title VII. *Williams v. Banning*, 72 F.3d 552, 554–555 (7th Cir. 1995) (applying *AIC Security* and finding no individual liability under Title VII). Pryor thus cannot be individually liable under the ADA or Title VII as Plaintiff alleges. Accordingly, Plaintiff has failed to state a claim against Pryor, and the Court dismisses Pryor as a defendant in this case.

2. **Plaintiff's ADA Disability Discrimination Claim**

    Defendants argue that Plaintiff's disability discrimination claim should be dismissed because she failed to allege her specific disability. To state her claim, Plaintiff must "allege facts showing that (1) [s]he is disabled; (2) [s]he is qualified to perform the essential function of the job either with or without reasonable accommodation; and (3) [s]he suffered an adverse employment action because of [her] disability." *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013) (internal quotation marks and citations omitted).

    Defendants claim that Plaintiff did not allege her disability of a "medical allergy" in her initial complaint (ECF No. 1) or first amended complaint (ECF No. 8), even though she raised that disability in her response briefing. However, Plaintiff's prior complaints have been superseded by her second amended complaint, which does allege that her "DISABILITY IS A

4

MEDICAL ALLERGY." (ECF No. 23 at 4.) Though Plaintiff did not seek leave to file her second amended complaint, Defendants do not challenge it and the Court will consider it as Plaintiff's operative complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("It is, by now, axiomatic that district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim.") Because Plaintiff's second amended complaint alleges her disability, Defendants' argument is moot and the Court does not dismiss Plaintiff's ADA disability claim against Silver Cross.

3. **Plaintiff's Title VII Religious Discrimination Claim**

Defendants argue that Plaintiff's Title VII religious discrimination claim should be dismissed because Plaintiff did not include it in her EEOC charge and thus has not exhausted her administrative remedies. Before filing a lawsuit under Title VII, a plaintiff must exhaust her administrative remedies by bringing her claims before the EEOC, and generally "cannot bring claims in a lawsuit that were not included in her EEOC charge." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994); 42 U.S.C. § 2000e-5(f). This requirement "gives the employer some warning of the conduct about which the employee is aggrieved, and it affords the [EEOC] and the employer an opportunity to attempt conciliation without resort to the courts." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). "Allegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations." *Cheek*, 31 F.3d at 502 (citations omitted). Because a failure to exhaust is an affirmative defense, it generally may not be imposed via a Rule 12(b)(6) motion unless "a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense."

5

*Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 922 (7th Cir. 2007) ("A plaintiff's failure to exhaust administrative remedies is an affirmative defense, which is the defendant's burden to prove.").

The EEOC charge and associated intake documents that have so far been provided to the Court list only disability discrimination—not religious discrimination—as the basis for Plaintiff's claims against Silver Cross. The parties' competing position statements likewise focused solely on alleged disability discrimination and did not mention religious discrimination. In response, Plaintiff points to the EEOC Analysis of Evidence that stated, "[Petrus] alleges that discrimination against *because of her religion, Christian*, and because of her disability, in that [Petrus] was denied an exemption to [Silver Cross's] Covid-19 Vaccine Mandate . . . ." (ECF No. 21 at 10 (emphasis added).) She also claims that her "initial complaint with the EEOC stated religion . . . but the EEOC investigator told Petrus to mark one and advised Petrus to just mark disability in that initial paper," and that "[d]uring the first interview with the investigator over the phone Petrus again stated religion." (ECF No. 24 at 6.)

Though it is possible that Plaintiff did not assert her religious discrimination claim before the EEOC, she has alleged facts at this stage that, when taken as true and viewed in the light most favorable to her, plausibly state that she did raise those claims with the EEOC. Notably, an EEOC representative stated that Plaintiff's claims included religious discrimination, even though that was not listed in Plaintiff's charge, indicating that the EEOC may have considered that claim part of the charge and investigated that claim before dismissing it. Of course, further evidence regarding what was properly presented to the EEOC likely will appear during discovery, and it may turn out that the EEOC's later mention of a religious discrimination claim was erroneous or

6

based merely on an oral communication and does not show exhaustion.[2] *See Vela v. Vill. of Sauk Vill.*, 218 F.3d 661, 665 (7th Cir. 2000) ("No case suggests that an oral statement to an agency representative is adequate, and notice of such a statement cannot be expected to reach the employer."). But at this stage, it is plausible that Plaintiff brought her religious discrimination claim to the EEOC and thus exhausted her administrative remedies as to that claim.

At minimum, these open questions confirm that Defendants' motion to dismiss is an improper vehicle to resolve their affirmative defense of failure to exhaust. *See Hankle-Sample v. City of Chicago*, No. 20-cv-1997, 2021 WL 4461557, at *7 (N.D. Ill. Sept. 29, 2021) ("It is clear from the missing puzzle pieces that this is a far cry from a situation in which the allegations set forth everything necessary to satisfy the affirmative defense issues presented by the city." (internal quotation marks and citations omitted)); *Surgit v. City of Chicago*, No. 1:19-CV-07630, 2021 WL 1192674, at *2 (N.D. Ill. Mar. 29, 2021) ("[F]ailure to exhaust is an affirmative defense and thus a Rule 12(b)(6) motion—which test[s] the adequacy of the allegations to state a valid claim—is inapt, because plaintiffs need not plead around affirmative defenses in a complaint."). The Court thus declines to dismiss Plaintiff's Title VII religious discrimination claim against Silver Cross at this time.

---

[2] The Court notes that misleading conduct by the EEOC may justify tolling the administrative statute of limitations for Plaintiff to bring an EEOC charge. *See Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 81 (7th Cir. 1992).

**Conclusion**

The Court grants in part and denies in part Defendants' motion to dismiss (ECF No. 12). The Court dismisses Plaintiff's claims against Defendant Pryor but does not dismiss Plaintiff's claims against Silver Cross. The Court orders the parties to file a joint initial status report in accordance with the Court's procedures by February 28, 2024. The Court sets a telephonic status hearing for March 6, 2024 at 9:30 a.m.

**SO ORDERED.**    ENTERED: February 14, 2024

_____

**HON. JORGE ALONSO**
**United States District Judge**